■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANTE E. PAGANINI, Respondent, v JOSEPH P. JABLONSKY, Appellant. —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Nassau County (Saladino, J.), entered December 24, 1990, which sustained the petitioner's

writ of habeas corpus with respect to Nassau County Indictment Number 68895 and directed his release from the custody of the respondent.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

Aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2]) is not an alcohol-related traffic offense within the meaning of Vehicle and Traffic Law § 1196. The regulations of the Commissioner of Motor Vehicles interpreting Vehicle and Traffic Law § 1196 provide that "[a]ny person who is convicted * * * of a *violation of any subdivision of section 1192* of the Vehicle and Traffic Law, or of an alcohol or drug-related traffic offense *in another state,* shall be eligible for enrollment in an alcohol and drug rehabilitation program" (15 NYCRR 134.2 [emphasis added]).

The petitioner was convicted by judgment of the County Court, Nassau County, rendered October 24, 1988, as amended October 25, 1989, of operating a motor vehicle while under the influence of alcohol as a misdemeanor (Vehicle and Traffic Law § 1192) as well as aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2]). Thus, he was eligible for enrollment in an alcohol rehabilitation program by virtue of his conviction under Vehicle and Traffic Law § 1192. However, he would not have been eligible for such a program if he had been convicted of aggravated unlicensed operation of a motor vehicle in the second degree only. Thus, the provision of Vehicle and Traffic Law § 1196 which requires the termination of the petitioner's sentence upon completion of an alcohol rehabilitation program is inapplicable to his sentence for aggravated unlicensed operation of a motor vehicle in the second degree.

In view of the foregoing, the Supreme Court erred in releasing the petitioner, who had served only 62 days of his 180-day sentence for aggravated unlicensed operation of a motor vehicle in the second degree. Since the petitioner was not entitled to immediate release, the proceeding is dismissed *(see, People ex rel. Medolia v Superintendent of Green Haven Correctional Facility,* 47 NY2d 779).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.