OPINION OF THE COURT
Bellacosa, J.
Petitioner-appellant Paganini was convicted, upon his guilty plea, of aggravated unlicensed operation of a motor vehicle in the second degree under Vehicle and Traffic Law § 511 (2) (a) (ii). He thereafter sought to terminate his jail sentence for that offense based on his completion of an alcohol rehabilitation program (see, Vehicle and Traffic Law § 1196 [4]). We conclude that he is not eligible to reap the benefit of participation in such a program in relation to his Vehicle and Traffic Law § 511 conviction and sentence. Thus, the Appellate Division order which, in dismissing the proceeding, reversed the Supreme Court judgment that sustained the writ of habeas corpus should be affirmed.
In 1986, appellant was arrested and charged with driving while his ability was impaired (Vehicle and Traffic Law former § 1192 [1]). He refused to submit to a chemical test and his driver’s license was revoked after his conviction (Vehicle and Traffic Law former § 1194 [2] [c]). In 1988, Paganini was again arrested and this time he was charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and *589 aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). He pleaded guilty to the Vehicle and Traffic Law § 1192 (3) charge and to the reduced charge of aggravated unlicensed operation in the second degree under Vehicle and Traffic Law § 511 (2) (a) (ii). He was sentenced to jail for one year for the Vehicle and Traffic Law § 1192 offense and 180 days for the Vehicle and Traffic Law § 511 offense.
During the pendency of his unsuccessful direct appeal to the Appellate Division from the 1988 conviction, Paganini enrolled in and completed a Vehicle and Traffic Law § 1196 certified alcohol rehabilitation program. He subsequently petitioned Supreme Court, Nassau County, for a writ of habeas corpus alleging that, pursuant to Vehicle and. Traffic Law § 1196 (4), both of his jail sentences should terminate upon completion of the program. That court sustained the writ and directed petitioner’s immediate release from custody. The Appellate Division reversed and dismissed the habeas corpus proceeding, concluding that the sentence termination provisions in Vehicle and Traffic Law § 1196 (4), as interpreted and implemented by the regulations of the Commissioner of Motor Vehicles, were not applicable to his sentence for second degree aggravated unlicensed operation of a motor vehicle (176 AD2d 771). That sentence is the only matter before us inasmuch as Paganini’s sentence for his driving while intoxicated conviction was properly terminated under Vehicle and Traffic Law § 1196 (4) upon his successful completion of the rehabilitation program.
Vehicle and Traffic Law § 1196 establishes an alcohol and drug rehabilitation program within the Department of Motor Vehicles. "[Pjersons convicted of alcohol or drug-related traffic offenses” are eligible to participate in the program if they meet the criteria for participation established in Vehicle and Traffic Law § 1196 and the accompanying regulations (Vehicle and Traffic Law § 1196 [4]). The classification, "alcohol or drug-related traffic offenses”, is not defined in the statute. Regulations promulgated by the Commissioner of Motor Vehicles, however, restrict eligibility to persons "convicted * * * of a violation of any subdivision of section 1192 of the Vehicle and Traffic Law, or of an alcohol or drug-related traffic offense in another state”, with certain exceptions not applicable here (15 NYCRR 134.2). Completion of a course in the rehabilitation program results in the termination of any sentence of imprisonment imposed by reason of a conviction for an alcohol *590 or drug-related traffic offense (Vehicle and Traffic Law § 1196 [4]).
Paganini urges, under a first impression and expansive interpretation of this ameliorative statute, that the sentence for his unlicensed driving conviction (Vehicle and Traffic Law § 511 [2] [a] [ii]) should be terminated because that offense is an alcohol-related traffic offense encompassed within Vehicle and Traffic Law § 1196 (4). He would define alcohol-related traffic offenses as any which, in fact, have alcohol-related conduct as an essential element. Appellant reasons that the elements of his unlicensed driving conviction included his prior refusal to submit to a chemical test and his prior driving while ability impaired conviction, both alcohol-related predicates. While we may well agree that Paganini’s Vehicle and Traffic Law § 511 (2) (a) (ii) conviction had a factual and legal genesis in prior alcohol-related conduct, that is not determinative of the availability of the ameliorative sentencing provisions of Vehicle and Traffic Law § 1196 (4).
The goal of Vehicle and Traffic Law § 1196 rehabilitation programs is to induce drivers with alcohol or drug problems to obtain professional help, thus reducing threats to the public safety from persons who disregard the dangers of driving with diminished capacities due to intoxication and impairment (Vehicle and Traffic Law § 520). The statute and the implementing regulation, by targeting and limiting eligibility to participate in the programs, foster that goal. They reflect a rational policy choice not to extend the termination-of-sentence incentive to Vehicle and Traffic Law offenders who knowingly drive without a license — the core element of the Vehicle and Traffic Law § 511 (2) offense at issue in this case— because that would not directly foster the particular goals of Vehicle and Traffic Law § 1196 rehabilitation and education programs. That Paganini’s unlicensed driving conviction may be traced back to a suspension, which was based on his prior refusal to take a chemical test and a prior driving while ability impaired conviction, therefore does not qualify him for the termination-of-sentence remedy.
Paganini also contends that the regulation (15 NYCRR 134.2) limiting participation in the rehabilitation program to persons convicted under Vehicle and Traffic Law § 1192 unreasonably restricts the unambiguous statutory reference to alcohol-related traffic offenses and conflicts with legislative intent. The flaw here, however, is that the legislative history of Vehicle and Traffic Law § 1196 and the structure of Vehicle *591 and Traffic Law article 31 (§ 1192 et seq.) not only do not support his syllogism, but contradict it.
Prior to 1988, the provisions concerning alcohol-related violations of the Vehicle and Traffic Law were scattered in a number of places. Legal practitioners, law enforcement agencies and the judiciary complained that this made coherent implementation of the provisions unnecessarily complex and led to misapplication (Mem of State Executive Dept, 1988 McKinney’s Session Laws of NY, at 1941). The Legislature responded by substantially reorganizing the Vehicle and Traffic Law to “consolidate all of the various alcohol-related provisions of the Vehicle and Traffic Law into a single, comprehensive article” (L 1988, ch 47; Mem of State Executive Dept, 1988 McKinney’s Session Laws of NY, at 1938; see, Governor’s Approval Mem, 1988 McKinney’s Session Laws of NY, at 2252). The new article 31 was entitled “Alcohol and Drug-Related Offenses and Procedures Applicable Thereto”. Section 511 (entitled “Operation while license or privilege is suspended or revoked; aggravated unlicensed operation”) was not among the Vehicle and Traffic Law sections identified as a “current alcohol-related provision^ of the Vehicle and Traffic Law” subject to the recodification (Mem of State Executive Dept, 1988 McKinney’s Session Laws of NY, at 1938), and was not incorporated into the new article 31.
We conclude that the legislative grouping of offenses in article 31, and the use of the term “alcohol or drug-related traffic offenses” in the text of Vehicle and Traffic Law § 1196 mirroring the title of article 31, evidences the legislative intent to particularize and limit the categories of offenders eligible to benefit from the interplay of Vehicle and Traffic Law § 1196 (1) and (4). Only persons convicted of article 31 offenses were included. The regulation of the Commissioner of Motor Vehicles, which restricts eligibility to secure the ameliorative termination-of-sentence benefits of section 1196 to violators of Vehicle and Traffic Law § 1192 offenses, is thus a consistent implementation of the legislative intent and is a rational interpretation of the statute.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Titone and Hancock, Jr., concur.
Order affirmed, without costs.